IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

Raymond Cain, #02033-122
Richard Hugly, #60429-079
Mark Williams, #

Plaintiffs,

v. Civil Case No. 3:17-CV-1081

U.S.P. Allenwood Warden L.J. ODDO,
Special Investigating Agent Heath,
U.S.P. Allenwood Captain FELTMAN,
Unknown Regional Staff,

Defendants,

FILED
HARRISBURG, PA
JUN 20 2017

**Plaintiffs' Emergency Motion for A Temporary Restraining Order and Preliminary Injunction and Request for an Emergency Hearing Pursuant to Rule 65 of the Fed. Rules of Civil Proceedings**

Comes now, Raymond Cain, Richard Hugly, and Mark Williams are currently proceeding as self represented litigants, hereinafter will be referred to as the "Plaintiffs". Plaintiffs respectively move this Honorable Court pursuant to Rule 65 of the Federal Rules of Civil Procedures ("Rule 65") for an Immediate Emergency Hearing and Temporary Restraining Order ("TRO") and Preliminary Injunction requiring Defendants to accept this Plaintiffs' offer to submit to a polygraph examination, so that the results can be taken into consideration before

irreparable harm is caused by placing a willfully, blind, investigative report in the Plaintiffs' central prison files.

1. On February 13, 2017 Plaintiffs and three other inmates were taken from Unit 2B and placed in the Special Housing Unit (lockdown unit of the prison) for investigation in an escape plot.

2. Without interviewing any inmates in Unit 2B, which would be standard policy, prison staff interviewed all the inmates in Unit 1A about an escape plot. There is a split yard policy at U.S.P. Allenwood which does not allow inmates form Units 1A, 2A, and 3A to be with inmates in 1B, 2B, and 3B. Unit 1A was the only unit interviewed in the whole prison.

3. After about two weeks into the investigation, the other three inmates were released back to general population. The Plaintiffs became the targets of the escape plot investigation. Each Plaintiff is of a different race (white, hispanic, and black).

4. After finding out that the Plaintiffs were the targets of the escape plot investigation, the Plantiffs requested polygraph tests and a review of the unit and work place videotape system where it showed them meeting together, at the very least. There are no such video tapes.

5. The Plaintiffs are exercising their due process right under B.O.P. Policy pursuant to the SIS Investigation Manual that finds it appropriate to use a polygraph examination as an investigative tool. But, prior to allowing an inmate to take a polygraph test, the inmate must sign the appropriate consent form. Plaintiffs let the Defendants know that they wanted to take a polygraph test and pay for it, so that evidence could be included in the investigation. See 28 C.F.R. 570.71.

6. Plaintiffs put the Defendants on notice that failure to take the polygraph evidence into consideration would show their willfull blindness in violating the Plaintiffs' due process right, which is engrained in these B.O.P. policies. The polygraph evidence would refute the source of this outlandish accusation and stop an arbitrary and capricious investigation such as this, which is built on pure speculation. See 5 U.S.C. §§ 552a (e)(5) AND (g)(1)(C)

7. The Defendants' willfull blindness is unethical and improper, because they failed to properly take in all the evidence that was available in investigating the fraudulent accusations that the Plaintiffs were alledged to have been committed. B.O.P. Policy is clear that whenever polygraph evidence is available, it must be taken into account as part of the investigation before the drafting of the final investigation report, specifically in Plaintiffs' case where they are consenting

to polygraph tests and are willing to pay for them to set the record straight. For a full and fair examination of the real facts, the polygraph evidence will produce a different conclusion in the Defendants' decision making process. The Defendants' unethical actions are an arbitrary and capricious tactic which violates B.O.P. policies, their public service obligations to its society, and the Plaintiffs' constitutional and B.O.P. due process rights. There is no sufficient justification to ignore theise obligations, procedures, and safegards in use of these polygraph results. See 5 U.S.C. §§ 552a (d), (e)(5), (g)(1)(A) AND (g)(1)(C).

8. The Defendants are well aware of their employee conduct obligation under the the basic obligations of public service which states:

(a) Public Service is a public trust. Each employee has a responsibility to the Unites States and its citizens to place loyalty in the constitution, laws, and ethical principles above private gain. To ensure that every citizen can have a complete confidence in the integrity of the federal government, each employee shall respect and adhere to the principles of ethical conduct set forth in this section, as well as the implementing standards contained in this part and in supplemental agency regulations.

(b) General principles. The following general principles apply to every employer and may form the basis for the standards contained in this part. Where a situation is not covered by the standards set forth in this part, employees shall apply the principles set forth in this section in determining whether their conduct is proper…….

(5) Employers shall put forth honest effort in the performance of their duty…..

(11) Employees shall disclose waste, fraud, abuse, mismanagement, false statements, and corruption to appropriate authorities……

(13) Employees shall satisfy in good faith their obligations as citizens, including all and adhering to all laws and regulations, provide equal opportunity for all Americans, regardless of race, color, religion, sex, national origin, age, or handicap.

(14) Employees shall endeavor to avoid any actions creating the appearance that they are violating the law or the ethical standards setforth in this part, whether particular circumstances create an appearance that the law or these standards have been violated shall be determined from the perspective of a reasonable person with knowledge of the relevant facts.

© Related statutes. In addition to the standards of ethical conduct set forth in this part, there are conflict of interest statutes that prohibit certain conduct. Criminal conflict of interest statutes of general applicability to all employers, 18 U.S.C. § 201, 203, 205, 208, and 209 are summarized in the appropriate subparts of this part, and must be taken into consideration in determining whether conduct is proper......

Id. Subpart A - General provisions 2635.101 Basic Obligations of Public Service.

9. It is clear that the Defendants are violating these obligations by not allowing the Plaintiffs' polygraph evidence into the investigation, which policy considers very persuasive evidence. It should never be left out of an investigation when the Plaintiffs are willing to consent and pay for a polygraph test, so that the results may be entered into the final analysis.

10. The Defendants' actions show that they are willing to use a false statement to fabricate a federal investigation report withot verifying that the plaintiffs might just be telling the truth. See 5 U.S.C. §§ 552a(e)(5), (g)(1)(C) AND (g)(4).

11. One of the Defendants is a regional officer staff member, who is unknown to the Plaintiffs, that took part in drafting this fraudulent document in

order to qualify the Plaintiffs for the special management unit. This is a conflict of interest in that the same regional officer will hold the hearing for placemnt to this lockdown unit to decide if the Plaintiffs should be locked down. The regional staffer may not be the hearing officer, but is a co-worker, which also causes a conflict of interest, as the co-worker may not want to make the regional staffer look bad, and could affect his/her promotion later on. This is just another public service violation that these Defendants are involved in, as public interest mandates.

12. Not one of these Defendants has turned to the office of Internal Affairs to report this abuse of the drafters' public service obligations and their oath to not violate a citizen's due process right, specifically by doctoring a fraudulent investigative report which never gave the Plaintiffs an equal opportunity to present their polygraph results. Equal opportunity is a two way street, which these policies mandate, but are willfully being ignored that creates an international cover-up. For years, Special Investigative Agent Heath has used these aggressive, fabrication practices to distort the truth for his own personal agenda, to oppress inmates who he dislikes for personal reasons by routinely cooking up a premeditated, fraudulent investigative report.

13. To let such a fabricated report stand would cause the Plaintiffs irreparable harm, as no Judge would grant relief of the Petitioner's sentence with such a report in their prison file if it was to the Judge's discretion. The Plaintiffs have had to stop their post conviction attacks because of the impact of this fraudulent report.

14. The Defendants are already using this bogus report to place the Plaintiffs in a lockdown unit known as the Special Management Unit for up to two years. The Plaintiffs have a liberty right, which would be violated if this inaccurate information is used to qualify them for such a lockdown unit, causing them more irreparable harm.

15. The Court should order the Defendants to abandon this whole, misguided investigation, which undermines B.O.P. policies, their public service obligation oath, and the Plaintiffs' constitutional due process rights. Request that the office of Internal Affairs do an internal probe of this investigation. Stop all the actions the Defendants are trying to use against the Plaintiffs for their personal reasons.

16. Order the Plaintiffs to the Federal Courthouse in order to submit to polygraph testing by a polygrapher this Honorable Court approves of. The

Defendants are known to sandbag any inmate trying to use a polygraph test for the ends of justice, because they can not show one situation that they have done so. The best solution is to be brought to the Federal Courthouse for an independent polygraph test by Internal Affairs.

17. The Honorable Court should order a copy of the Defendants' fraudulent investigation report and S.M.U. package reports that were filed in the regional office against the Plaintiffs. This would allow allow the court a chance to compare the independent report by Internal Affairs.

18. Plaintiffs request a temporary restraining order and a preliminary injuction preventing the Defendants from using their fraudulent investigative report to further their personal agenda. An injunction is necessary to prevent irreparable harm to the Plaintiffs, for which the Plaintiffs would have no adequate remedy at law.

19. The Honorable Court should restrain Defendants and their officers, employees, agents, or servants form using a retaliation transfers against the Plaintiffs for exercising their constitutional right.

20. The Plaintiffs respectfully request an emergency hearing to further an evidentiary hearing to correct the Defendants' violations in regard to their action.

21. The Plaintiffs respectfully request the Honorable Court grant any and all other or further relief as it may deem necessary and proper.

Respectfully submitted on this date, the 9TH of ~~May~~ JUNE, 2017.

I, Raymond Cain, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

#02033-122
Raymond Cain, $02033-122

I, Richard Hugly, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Richard Hugly
Richard Hugly, #60429-079

I, Mark Anthony Williams, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Mark Anthony Williams, #

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was deposited in the United States Mail, postage prepaid, this 13TH day of ~~May~~ JUNE, 2017 addressed to:

Richard Hugly
RICHARD HUGLY #60429-079

RICHARD HUGLY # 60429-079
UNITED STATES PENITENTIARY ALLENWOOD
POST OFFICE BOX 3000
WHITE DEER, PA 17887-3000

RECEIVED
HARRISBURG, PA
JUN 20 2017




JUN 19 2017

U.S. DIST. COURT FOR M
ATTN.: HONORABLE CLE
RONALD REAGAN FEDERAL
228 WALNUT STREET
HARRISBURG, PA ~~18503~~

MAILED FROM
U.S. PENITENTIARY